# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| **WELLS FARGO BANK, N.A.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **JEREMIAH D. WARE and** | ) | Case No. 3:23-cv-00010-CAR |
| **WONDERWARE, INC. d/b/a CORE** | ) | |
| **BUSINESS TECHNOLOGIES** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PROTECTIVE ORDER

THE COURT ALERTS THE PARTIES THAT IT HAS MODIFIED SECTIONS TWO AND THREE AND ADDED A FINAL PARAGRAPH TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE AGREED ORDER SUBMITTED TO THE COURT.

The Court recognizes that many of the documents and much of the information being sought through discovery in the above-captioned action are, for competitive or personal reasons, normally kept confidential by the parties. The protected materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, development, or commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c). The protected materials to be exchanged may also be personally sensitive, such as employment records and records containing personal financial information. The parties have agreed to be bound by the terms of this Protective Order ("**Order**") in this action to facilitate the document production and disclosure and protect the respective interests of the parties in their trade secrets and other confidential information. This Order shall remain in effect unless modified pursuant to the terms contained in this Order.

IT IS THEREFORE ORDERED THAT,

1.      **Designating Protected Material.** A party may designate documents, testimony, discovery responses, and information used or produced during the course of litigation as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively, "Protected Material"), as set forth below:

(a)     The designation of Protected Material shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal or personnel information; information subject to prior confidentiality agreements; or other confidential information including, but not limited to:

(i)      Personal financial information, including but not limited to records of personal accounts and transactions held by banks and other financial institutions;

(ii)     Documents containing proprietary, and/or trade secret information relating to any party or third party's business operations, including but not limited to, designs, strategic planning or marketing information, customer information, including customer lists, customer correspondence, customer purchasing history and customer preferences, business methods and processes, forms, reports, company financial information, intellectual property protection strategies and other sensitive business-related information, provided the information is not otherwise available to the public through other legitimate means;

(iii) Employee salary information, personnel files, disciplinary and other personal, sensitive employee information; and

(iv) Other information such as business, personal, medical, financial, or other sensitive information which counsel for a party in good faith believes warrants protection of this Order.

(b) One who provides material may designate it as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only when such person in good faith believes it contains trade secrets or other such proprietary and confidential research, development, customer, financial, or commercial information, which if disseminated beyond the parties' legal staff, would pose a significant threat of economic loss, invasion of privacy, or other damages – including documents included in the definition in 1(a)(ii) and (a)(iv) above. Except for documents produced for inspection, the designation of Protected Material shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection, such documents may be produced for inspection before being marked as Protected Material subject to this Order. Once specific documents have been designated for copying, any documents containing Protected Material will then be marked either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of Protected Material documents before they are copied and marked as Protected Material pursuant to this procedure.

(c) Portions of depositions or testimony shall be deemed Protected Material only if they are designated at the time the testimony is given or within ten business days after receipt of the transcript, including any testimony that describes a document that has been

designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as described above. If testimony is designated as "CONFIDENTIAL" on the record, the court reporter shall mark the face of the transcript and the designated portion containing the designated testimony "CONFIDENTIAL." Any portion of a transcript designated as "CONFIDENTIAL" shall, if filed, be filed under seal with the Court. Except by express agreement, the parties may not issue blanket designations for depositions and must provide the specific pages for which it claims protection. However, deposition transcripts shall be treated as CONFIDENTIAL until the expiration of the ten-day period following receipt of the transcript by the deponent.

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL" under this Order to any other person or entity, except disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel of record and employees of counsel of record for the parties who have direct functional responsibility for the preparation and trial of this lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made to the parties and employees of the parties who have direct functional responsibility for the preparation and trial of this lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.  Prior to disclosure to any person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.  (See Attachment A).

(iv) Disclosure may be made to consultants, investigators, litigation support personnel, or experts (hereinafter referred to collectively as "Experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit.  Prior to disclosure to any Expert, the Expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.  (See Attachment A).

(v) Disclosure may be made to this Court, including personnel who are authorized by the Court to review such information, subject to the restrictions set forth in Paragraph 2 below.

(iv) The Parties agree to confer in good faith regarding disclosure to relevant witnesses and further agree that they have the power to agree to disclosures to individuals outside of the categories listed herein, provided that both parties agree in writing.

(e) Counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order to any other person or entity, except disclosures may be made in the following circumstances:

5

(i) Disclosure may be made to counsel of record (including in-house counsel for the Parties) and employees of counsel of record for the parties who have direct functional responsibility for the preparation and trial of this lawsuit.  Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.  Prior to disclosure to any person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.  (See Attachment A).

(iii) Disclosure may be made to Experts identified by counsel.  Prior to disclosure to any Expert, the Expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.  (See Attachment A).

(iv) Disclosure may be made to this Court, including personnel who are authorized by the Court to review such information, subject to the restrictions set forth in Paragraph 2 below.

(v) The parties agree to confer in good faith regarding disclosure to relevant witnesses and further agree that they have the power to agree to disclosures to individuals outside of the categories listed herein, provided that both parties agree in writing.

    (vi) Under no circumstances shall Protected Material marked as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" be shared, disclosed to, or discussed with any other individual or entity not identified in subparagraphs (e)(i) to (e)(iii) above, including clients, client representatives, agents, affiliates, or third parties in this litigation, without the prior written consent of counsel.  In addition, undersigned counsel will take all steps necessary to ensure that any Protected Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be shielded from any individual or entity not identified in subparagraphs (e)(i) to (e)(iii) above.

  (f) Except as provided in subparagraphs (d) and (e) above, counsel for the parties shall keep all documents designated as Protected Material that are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

  (g) All copies, duplicates, extracts, summaries, descriptions or other derivative works revealing the protected information (hereinafter referred to collectively as "copies") of documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order or any portion thereof, shall be immediately affixed with the word(s) "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if these legends do not already appear.

  2. **Filing Protected Material with the Court [MODIFIED BY THE COURT]**. Any information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that is filed with the Court shall be filed pursuant to the Middle District of Georgia's

CM/ECF Administrative Procedures guidelines.[1] Protected material may be filed with restricted access by the attorneys pursuant to this Protective Order via CM/ECF. But, if the parties wish to file protected material under seal, a Motion to Seal must be filed and a PDF copy of the document(s) to be filed under seal must be e-mailed to the Athens Clerk's Office at Athens.ecf@gamd.uscourts.gov.[2]

3.      **Challenging Designation of Protected Material [MODIFIED BY THE COURT].**  In the event that the party receiving "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designations objects to such designation of any or all such items, the Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

If the Parties cannot resolve a challenge without Court intervention, the Challenging Party must contact Beverly Lillie, Courtroom Deputy (478-752-3445) to request a telephone conference

---

[1] *See* Administrative Procedures for Electronic Filing, https://www.gamd.uscourts.gov/cmecf.
[2] *Id*. Restricted Documents and Sealed Entries at p. 17-18.

with the Court **BEFORE** filing a motion challenging a confidentiality designation. Each such motion must be accompanied by a certification affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Pending a resolution, the discovery material in question shall continue to be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as provided hereunder.

    4.    **Inadvertent Production.** Unintentional production of paper documents or electronically stored information subject to protection by the attorney-client and/or by the work-product doctrine shall not constitute a waiver of any privilege or other protection. If the producing party promptly notifies the receiving party that privileged materials have been submitted, the unintentionally produced materials shall be returned to the producing party or destroyed, on request of the producing party. Additionally, these materials shall be deleted from the receiving party's databases and the receiving party shall take all available steps to obtain the return and/or destruction of the materials by any third party to whom the receiving party disclosed the materials. The receiving party may make no use of these documents during any aspect of this matter, including in depositions or at trial. The contents of the unintentionally produced materials shall not be disclosed to anyone who was not provided with access to them before the request to return or destroy them was made. The party returning the unintentionally produced documents may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the unintentional

production. Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product doctrine, or any other relevant privilege.

5. **Failure to Designate.** Inadvertent failure to designate Protected Material shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party by written notification to the recipient promptly upon discovery of the failure to designate, in which event the corrected designation shall be effective prospectively from recipient's receipt of this written notice.

6. **Third Party Materials.** In the event Plaintiff or Defendants or their counsel obtain information from a third party that Plaintiff or Defendants believes to be confidential, they may designate such information as Protected Material pursuant to this Order and it shall be treated as such in accordance with this Order. If in the course of this litigation, discovery is sought from non-parties that would require such non-parties to produce and/or disclose confidential information, such non-parties may gain the protection of this Order by agreeing in writing to produce documents pursuant to this Order (including the right to designate materials as designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and benefit from the protections for such materials set forth herein) and to be bound by it.

7. **Responding to Third-Party Requests**. If a party in possession of discovery designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" is served with a subpoena, demand or request for production of such information from a court, administrative, legislative or other governmental body, or from other persons purporting to have authority to subpoena, demand or request such information, the recipient shall give immediate written notice of the subpoena, demand or request (including delivery of a copy of the same) to the attorneys for the producing or disclosing party. In the event that a subpoena, demand, or

request purports to require production of such documents or information on less than ten (10) days' notice, the party to whom the subpoena, demand, or request is directed shall give prompt telephonic notice of the receipt of such subpoena, demand or request to the attorneys for the producing or disclosing party.

8.      **Return of Materials**. Unless necessary for appeal purposes or otherwise agreed by the parties, all material treated as Protected Material under this Order and not received in evidence and all copies shall be made available for return to the originating party thirty days after the conclusion of this case, provided that all counsel of record may retain any pleadings, court filings, discovery responses, attorney and consultant work product, or deposition transcripts (including exhibits) containing Protected Material.  If the parties so stipulate, the material may be destroyed instead of being returned.  The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.  If any Protected Material is furnished under this Order to any Expert or to any other person, the party retaining such Expert or furnishing such Protected Material shall be responsible to ensure that all such documents are returned to that party.  The Parties agree to remain bound by this Order with respect to any items that they retain that contain Protected Material.

9.      **Jurisdiction.** The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

10.     **Order Subject To Modification**. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

11.     **No Waiver Of Right To Object.** This Order does not limit the right of any party to object to the scope of discovery in the above-captioned action.

12.     **No Determination Of Admissibility.** This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto.

13.     **No Admissions**. Designation or treatment by either party of information or documents as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

**ADDED BY THE COURT:** The Court finds that good cause exists for the entry of this order with the following condition.  Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial.  If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial.  The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion.  The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record.  Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

**SO ORDERED,** this 23rd day of February, 2023.

s/ C. Ashley Royal  
C. ASHLEY ROYAL, SENIOR JUDGE  
UNITED STATES DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| **WELLS FARGO BANK, N.A.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **JEREMIAH D. WARE and** | ) | Case No. 3:23-cv-00010-CAR |
| **WONDERWARE, INC. d/b/a CORE** | ) | |
| **BUSINESS TECHNOLOGIES** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CONSENT FORM

The undersigned hereby acknowledges that he or she has read the Agreed Protective Order ("Order") in ***Wells Fargo Bank, N.A. v. Jeremiah D. Ware et al.*, Case No. 3:23-cv-00010-CAR**, and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself or herself personally to the jurisdiction of the United States District Court for the Middle District of Georgia, Athens Division for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Protected Material made available to him or her other than in accordance with the Order.

Dated:_____     Signature:_____

                             Print Name:_____