IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A. | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| JEREMIAH D. WARE and | ) Case No. 3:23-CV-10 (CAR) |
| WONDERWARE, INC. d/b/a CORE | ) |
| BUSINESS TECHNOLOGIES | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**CONSENT PRELIMINARY INJUNCTION**

Pending before the Court is Plaintiff Wells Fargo Bank, N.A's. ("Wells Fargo" or the "Bank") Motion for Temporary Restraining Order against Defendants Jeremiah D. Ware ("Ware") and Wonderware, Inc. d/b/a Core Business Technologies ("CORE") (Wells Fargo, Ware, and CORE are referred to collectively as the "Parties"). Upon consideration of the parties' preliminary agreement to resolve their disputes regarding Plaintiff's Motion, it is hereby ORDERED that without prejudice to the ultimate resolution of this case:

A. **Injunctive Relief regarding Trade Secrets and Compliance with Agreement:** Defendants be restrained from retaining, disclosing, or using any information belonging to Wells Fargo that constitutes a Trade Secret (as defined in the Georgia Trade Secrets Act, O.C.G.A. § 10-1-760 *et seq*) or Confidential Information (as that term is defined in the Wells Fargo Confirmation of Telecommuting Arrangement attached to the Bank's Complaint as Exhibit B).

1

B. **Review of Computers, Accounts, and other Electronic Storage Devices:** Defendants make available to a third-party forensic expert for inspection and/or imaging any computers, tablets, smartphones, external storage devices, personal data devices, or ESI storage accounts (including all Cloud-based file management accounts (such as Gmail, iCloud, and Dropbox), email accounts, or other devices or accounts on which Wells Fargo's information could reside) within their custody and control on which Ware, Brittany Ware, Niedergall, or any CORE employee accessed and/or retained Wells Fargo's Confidential Information or Trade Secrets (or any intellectual property derived therefrom).

C. **Remediation Process**: The parties meet and confer on a forensic remediation process whereby a third-party forensic expert of the Parties' mutual choice will have access to Defendants' devices and accounts as described in Paragraph B above so as to search for any Wells Fargo Trade Secrets or Confidential Information originating from Ware (as well as any evidence of deletion or exfiltration of said materials) and cause the return to Wells Fargo or deletion from Defendants' possession, custody, or control of Wells Fargo Trade Secrets or Confidential Information originating from Ware. The costs of the forensic review process set forth in this Consent Preliminary Injunction will be paid 50% by Plaintiff and 50% by Defendants, although this is without prejudice to any party's later efforts or ability to have such costs taxed against the other side.[1]

---

[1] The Court notes the allocation of costs is the sole contested issue in the consent preliminary injunction submitted by the parties. The Court is "entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1263 (11th Cir. 2002). Having reviewed the parties' briefs and applicable law, the Court concludes the ends of justice are best served by preliminarily ordering an equal allocation of costs. Such an allocation affords the parties equal access to the selection of the neutral forensic expert, establishment of ESI protocol, communications with the expert, and the expert's findings. The neutral expert's findings will be material to the disposition of this case—for both Plaintiff and Defendants. Finally, the Court acknowledges Defendants' concerns that an equal allocation of costs "places them at the mercy of their deep-pocketed opponent who could run up expenses at least in part as a litigation tactic itself." Doc. 22 at p. 10. But, as previously noted, Defendants will have an equal say in the selection of the neutral expert, as well as determination of ESI protocol and the scope of the review. Should

D.  **Return of Records and Other Property:** Should the review and remediation process described above reveal that either of the Defendants are in possession of any information that qualifies as a Trade Secret or Confidential Information belonging to Wells Fargo, such Defendant be ordered to return or, after the completion of a thorough remediation process conducted by a computer forensics expert, delete all such Confidential and Trade Secret Information belonging to Wells Fargo that is within their possession, custody, or control.

E.  This injunction will apply to the Parties and their officers, agents, servants, and employees, as well as all others acting in active concert with the Parties.

F.  This Consent Preliminary Injunction will remain in effect until further Order of this Court or until the above-captioned action is resolved by trial, motion, settlement, or any other means.

**SO ORDERED,** this 27th day of February, 2023.

s/ C. Ashley Royal_____<br>
C. ASHLEY ROYAL, SENIOR JUDGE<br>
UNITED STATES DISTRICT COURT

---

Defendants later allege Plaintiff attempted to "run up costs […] as a litigation tactic," the Court will address any motion Defendants may file at that time for relief—including imposing sanctions for misconduct during discovery or revising the terms of the cost allocation in this Order.